## LARS MARTINSON v. STATE BANK OF BELVIEW AND ANOTHER.[1]

June 29, 1917.

Nos. 20,422—(199).

**Trial — charge to jury — exception.**

Exception to the charge to the jury first taken in the motion for a new trial is too late. [Reporter.]

**Appeal and error — assignment of error.**

An assignment of error in a motion for a new trial is insufficient on appeal to present the question involved, unless it is renewed in the supreme court. [Reporter.]

Action in the district court for Redwood county to recover $865 for defendant's failure to pay a certain mortgage. The case was tried before Olsen, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*John A. Dalzell* and *L. D. Barnard*, for appellant.

*A. C. Dolliff* and *Frank Clague*, for respondent.

PER CURIAM.

This cause was submitted to the jury by the instructions of the trial court in harmony with the theory of plaintiff's cause of action as alleged and set forth in the complaint, namely, that plaintiff's right to recover depended upon the question of negligence on the part of defendants, and such submission was acquiesced in by plaintiff. No exceptions were taken to the charge at the trial, or suggestion otherwise made that the court proceeded upon an erroneous theory of the law. In such case an exception taken in the motion for a new trial is too late. Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754. The claim that the court erred in excluding certain evidence is not presented by an assignment of error in this court. The assignment in the motion for a new trial, not being renewed here, is insufficient.

Order affirmed.

[1]Reported in 163 N. W. 503.